MARGARET C. CONWAY *v.* CHARLES R. CONWAY.

*(February* 1, 1929.)

RICE and HARRINGTON, J. J., sitting.

*Robert H. Richards* for petitioner.

*E. Ennalls Berl* (of Ward and Gray) for defendant.

Superior Court for New Castle County. No. 176, September Term, 1928.

No. 21, November Term, 1928.

RICE, J., delivering the opinion of the court:

Counsel for the defendant obtained leave of the court to appear specially, and moved to vacate the process issued on the following grounds:

1. That the plaintiff was not at the time the cause of action arose a bona fide resident of this state, but was a resident at the said time of the County of Cuyahoga and State of Ohio.

2. That the present action is not based upon the cause of adultery or bigamy and that the plaintiff was not for two years next preceding commencement of said action a bona fide resident of the State of Delaware.

Attached to the motion is an affidavit of the defendant containing statements concerning the residence of the plaintiff.

Counsel for the defendant asks the court at this time to proceed with a hearing of witnesses to determine the statutory residence of the plaintiff and insists that the court should not proceed with the trial of the cause until it is determined that the plaintiff had a statutory residence in this state at the time the suit was instituted.

Counsel for the plaintiff contends that the question of the residence of the plaintiff is one which should be heard by the court at the time of the hearing upon the petition for divorce and that, therefore, defendant's motion should be dismissed.

The effect of granting defendant's motion would be to raise an issue of fact to be tried in a preliminary hearing by the court before the court should proceed to try the question as to whether the defendant has been guilty of the allegations upon which the plaintiff seeks a divorce. The motion of the defendant to vacate the process is founded upon *Sections* 3012, 3013 and 3014 of the *Revised Code* of 1915, which sections provide:

"3012. For purposes of divorce, either absolute or from bed and board, jurisdiction may be acquired by personal service upon the defendant within this state, under the following conditions:

"(a)  When, at the time the cause of action arose, either party was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless one of the parties has been for the two years next preceding the commencement of the action a bona fide resident of this state.

"(b)  When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this state; provided that the cause of action alleged was recognized in the jurisdiction in which such party resided

at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

"3013. When the defendant cannot be served personally within this state, and when at the time of the commencement of the action the plaintiff is a bona fide resident of this state, an alias summons shall issue to the second term next after issuing the original writ, which the sheriff shall publish for one month in such newspapers of the country, one or more, as he may judge best for giving the defendant notice; and the case may then proceed to trial with, or without the defendant's appearance, subject to the provisions in the next succeeding section."

"3014. When the defendant cannot be served personally within this state, and when at the time of the commencement of the action the plaintiff is a bona fide resident of this state, jurisdiction for the purpose of divorce, whether absolute or from bed and board, may be acquired by publication as hereinbefore provided, to be followed where practicable by service upon or notice to the defendant without this state, under the following conditions:

"(a) When, at the time the cause of action arose, the plaintiff was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless the plaintiff has been for the two years next preceding the commencement of the action a bona fide resident of this state.

"(b) When, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this state; provided that the cause of action alleged was recognized * * * at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

The question raised does not relate to the jurisdiction of the court over the person of the defendant, nor does it relate to the court's general jurisdiction over the subject matter of the suit. It does, however, relate to the existence or the non-existence of certain jurisdictional facts required by the statute in the particular case before the court.

The petition filed by the plaintiff, among other things, alleges "that at the time the cause of action arose she was a bona fide resident of the State of Delaware and has continued so to be down to the time of the commencement of this action and has been for the two years next preceding commencement of this action a bona fide resident of this state." Attached to the petition is an affidavit setting forth "that the facts stated in said petition are true."

In a divorce proceeding an allegation in the petition of the statutory residence in this state of the plaintiff has been considered necessary, and the practice has been to regard such allegation as sufficient to warrant the court in proceeding with the hearing of

the case upon its merits. We are of the opinion that the court is not required, under the terms of the statute, to hear and determine the fact of the statutory residence of the plaintiff in a preliminary hearing, even where the defendant makes a motion that it should be done, as we believe the statutory requirements are met by the allegation in the petition, and by proving the fact as alleged at the trial.

The court, since the passage of the present divorce statute, has required the plaintiff in divorce proceedings at the time of the trial to prove the facts of residence as provided for in Sections 3012, 3013 and 3014. This is the first time that the court has been asked to determine the residence of the petitioner in a preliminary hearing before the trial of the cause upon its merits. As a practical matter, we fail to see why the practice heretofore observed should be changed.

We believe that the rights of the defendant will not be prejudiced by having the question of residence of the plaintiff determined at the trial according to the established and existing practice. Even if the question of the residence of the plaintiff should be determined in a preliminary hearing, it would not avoid the necessity of proving residence at the time of the trial, and this would involve two hearings upon the same fact.

If we consider the large number of divorce cases brought to each term of court, the effect of granting the defendant's motion would very probably result in like motions in many similar cases and cause needless delay in such proceedings, as well as unnecessary congestion in the business before the courts.

Counsel for the defendant argues that he should not be put to the expense of bringing his witnesses here if it should not be necessary, but the answer to this seems to be that if a preliminary hearing to establish residence should be granted, there is the possibility that he would be called upon to bring his witnesses here for the preliminary hearing and also for the trial of the cause which would result in a double expense to him.

The Court are of the opinion that the motion of the plaintiff to dismiss the motion of the defendant should be granted, and it is so ordered.